-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JEFFERSON FARRAY,

        Petitioner,

        -v-

IMMIGRATION AND CUSTOMS ENFORCEMENT,

        Respondent.

12-CV-0867F
ORDER

---

Petitioner, Jefferson Farray, an immigration detainee who is in the custody of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") and detained at the Buffalo Federal Detention Facility ("BFDF") on what he claims is an "ICE Warrant" (detainer), has filed, in letter, form what the Clerk of the Court construed and opened as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1.) The letter summarizes petitioner's path to the BFDF and his detention there, pursuant to Section 236 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226,[1]

---

[1] 8 U.S.C. § 1226 provides in pertinent part that:

(a) Arrest, detention, and release

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General--

    **(1)** may continue to detain the arrested alien; and

    **(2)** may release the alien on--

    **(A)** bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

    **(B)** conditional parole; but

***

based on what appears to be the commencement of removal proceedings against him for a state criminal conviction involving a sentence of one year or more. See 8 U.S.C. § 1227(a)(2)(A).

Petitioner was arrested in New York on May 2010 and convicted in August 2011, and from that date through February 3, 2012, he appears to have been in state custody and subject to a detainer issued by ICE. On February 3, 2012, he was taken into ICE custody and transferred to BFDF. He was served with a Notice of Appearance – the commencement of formal removal proceedings – on February 6, 2012, and is being detained pending removal proceedings. It does not appear that a final order of removal has been entered.[2]

Petitioner complains that he is an immigration detainee at BFDF but is "mix[ed] together" with "Marshall' [sic] detainees"– i.e., pre-trial detainees – facing "serious time" and that he does not feel safe there. He claims he is at BFDF to fight his removal ("immigration case") "not to be worrying about [pre-trial] detainees and what their capable

---

(c) Detention of criminal aliens

    (1) Custody

    The Attorney General shall take into custody any alien who–. . .

    **(B)** is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,

    **(C)** is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence to a term of imprisonment of at least 1 year, . . ..

[2] If a final order of removal had been entered, this Court would have no jurisdiction to review said order. See REAL ID Act,of 2005, Pub. L. No. 109-13, § 106(b), 119 Stat. 231 (2005), as amended 8 U.S.C. § 1252(a)(5); Gittens v. Menifee, 428 F.3d 382, 383 (2d Cir.2005) ("The REAL ID Act 'eliminates habeas corpus review of orders of removal ....'") (quoting Marquez-Almanzar v. INS, 418 F.3d 210, 212 (2d Cir.2005)).

of doing." He also complains that the cost of commissary items is too high and that he "thinks someone needs to take a look into this Facility and what's going on and how we living. Way too excessive. I'm still here being detained at the Buffalo Federal D.F."

The Court notes first that it is not clear as to what petitioner is challenging or complaining about– e.g., the initiation of removal proceedings, his detention pending the completion of removal proceedings, a final order of removal, and/or the conditions at BFDF– and whether it has subject matter jurisdiction over petitioner's claims, whatever they are.[3] Additionally, petitioner has neither filed a motion to proceed in forma pauperis seeking a waiver of the filing fee pursuant to 28 U.S.C. § 1915(a) nor paid the applicable filing fee.

Accordingly, if petitioner wants the Court to address the issues raised in his letter he must file either a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 advising the Court what he his is challenging herein with respect to his ongoing removal proceedings, if anything, and the relief he is seeking, **or** a complaint under Bivens v. Six Unknown Named Agents, 403 U.S. 388, 398 (1971), challenging the conditions of his confinement at BFDF.[4] Petitioner must also either file a motion to proceed in forma pauperis or pay the applicable filing fee. If petitioner files a Petition for a Writ of Habeas Corpus challenging something related to his immigration and removal proceedings and/or his detention pending said proceedings and chooses to pay the filing fee rather than filing

---

[3]At this time, the Court takes no position as to whether it has or will have subject matter jurisdiction over whatever claims petitioner may raise in either a petition or complaint.

[4]Bivens is the means by which a plaintiff can challenge the conditions of his confinement. Bivens allows an individual to sue a defendant acting under color of federal law who allegedly deprived plaintiff of a constitutional right. See Tavares v. Reno, 54 F.3d 109, 109-110 (2d Cir. 1995).

a motion to proceed *in forma pauperis*, the filing fee would be $5.00. If petitioner files a prisoner civil rights complaint under *Bivens* challenging the conditions of his confinement, the filing fee would be $350.00.

IT IS HEREBY ORDERED that petitioner must file by **October 31, 2012**, either a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 **or** a Complaint under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 398 (1971). The Petition or Complaint must state specifically what petitioner is challenging or complaining about and the specific relief he is seeking at this time;

FURTHER, that in addition to filing a Petition or Complaint by **October 31, 2012,** petitioner must also either (a) furnish the Court with a signed and completed motion to proceed *in forma pauperis* by that date or (b) submit to the Court the full filing fee of $ 5.00 (petition) or $ 350.00 (complaint) on or before **October 31, 2012**;.

FURTHER, that if the Court does not receive either a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 or Complaint under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 398 (1971), **and** an application to proceed *in forma pauperis* or the full filing fee of $ 5.00 (petition) or $ 350.00 (complaint) on or before **October 31, 2012**, **this action will be dismissed without prejudice without further notice** to the petitioner.

FURTHER, that the Clerk of the Court is to close this case as dismissed without prejudice after **October 31, 2012** if the petitioner has not provided the Court with either a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 or a Complaint under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 398 (1971), **and** a signed

application to proceed *in forma pauperis* or the full filing fee of $ 5.00 (petition) or $350.00 (complaint) by that date; and

FURTHER, that the Clerk of the Court is directed to send to petitioner a motion to proceed *in forma pauperis*,[5] a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a prisoner civil rights complaint.

SO ORDERED.

DATED: 9/19, 2012
Buffalo, New York

_____
JOHN T. CURTIN
United States District Judge

---

[5] 28 U.S.C. § 1915(b), (g) and (h) does not apply to aliens who are in fact detainees awaiting removal because they are not "prisoners" under subsection (g), so the Court does not need a prison authorization from alien detainees. See *Tavares v. Attorney General USA*, 2007 WL 28255, 2007 WL 28255 (3d Cir., Jan. 4, 2007) (Unpublished Opinion); *see also Ramos v. Winiewicz*, 2012 WL 1044530, at 1, n.1 (W.D.N.Y., March 23, 2012) ("Because it appears that petitioner currently is an immigration detainee, the Prisoner Litigation Reform Act, specifically 28 U.S.C. § 1915(b) and 1915A, does not apply to him.") (citing *Tavares,*, 2007 WL 28255)).