-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JEFFERSON FARRAY, A#045-857-146,

    Petitioner,

-v-

TODD TRYON, MICHAEL PHILLIPS,

    Defendants.

12-CV-0867F
ORDER



---

## **PROCEDURAL BACKGROUND**

Plaintiff, an immigration detainee at the Buffalo Federal Detention Facility ("BFDF") in the custody of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") who, at the time of filing of this action appeared to be subject to ongoing removal proceedings pursuant to Section 236 of the Immigration and Nationality Act, 8 U.S.C. § 1226, commenced the instant action by filing with the Court a letter which outlined his path to BFDF and his immigration detention, and complained that as an immigration detainee he should not be housed with federal pre-trial detainees facing serious time and that he did not feel safe at BFDF. He also complained that the cost of commissary items was too high and someone needed to "look into" things at BFDF. (Docket No. 1.) The letter was docketed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and the Court entered an Order directing plaintiff to file either a petition for a writ of habeas corpus, if what he was alleging was a challenge to his detention, or a complaint under *Bivens v. Six Unknown Agents*, 403 U.S. 388, 398 (1971), if what he was alleging was related to the conditions

of his confinement. Plaintiff was also directed to file an application to proceed in forma pauperis or to submit the requisite filing fee. (Docket No. 2.)

In response to the Court's Order, plaintiff filed a complaint and application to proceed in forma pauperis. The complaint named only ICE and Valley Metro Barbosa Group as defendants, and did not set forth any allegations but rather referred to his initial letter filed with the Court (Docket No. 1) and a separate "Statement" or letter he had forwarded to the Clerk of the United States District Court for the Northern District of New York complaining about his detention at the Greene County Correctional Facility. The complaint provided no further details about plaintiff's claims and the Court directed that the operative pleading was to consist of the initial letter submitted by plaintiff (Docket No. 1) and the newly filed complaint (Docket No. 3.) The Court, upon its review of the motion to proceed in forma pauperis and the complaint pursuant to 28 U.S.C. § 1915(a) and (e)(2)(B), granted plaintiff permission to proceed in forma pauperis but dismissed the claims against ICE and Barbosa Group on the bases that ICE was entitled to sovereign immunity on plaintiff's Bivens claims and that Barbosa Group, a private contractor providing correctional services at BFDF, was not subject to suit under Bivens. (Docket No. 5, Order). The Court therefore dismissed the complaint but without prejudice to the filing of an amended complaint against any individuals acting under color of federal law who plaintiff alleged engaged in unconstitutional conduct at BFDF. (Id.)

Plaintiff filed an amended complaint against Todd Tryon, BFDF's Facilities Director, and Michael Phillips, ICE Field Director (Docket No. 9), and the Court must now screen the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Section 1915(e)(2)(B) of 28 U.S.C. requires the Court to conduct an initial screening of the amended complaint. In evaluating the amended complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).

Plaintiff brings this action pursuant to *Bivens, supra*. To state a valid claim under *Bivens*, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of federal law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Soichet v. Toracinta*, 1995 WL 489434, at *3 (S.D.N.Y. Aug. 16, 1995). Generally, case

3

law under 42 U.S.C. § 1983 applies to *Bivens* claims. *Chin v. Bowen*, 833 F.2d 21, 24 (2d Cir. 1987) (quoting *Ellis v. Blum*, 643 F.2d 68, 84 (2d Cir. 1981). Based on its evaluation of the complaint, the Court finds that plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because they fail to state a claim upon which relief may be granted.

## A. PLAINTIFF'S CLAIMS

Plaintiff's amended complaint again alleges that the cost of stamps in the commissary is too high ($ .55) and that he is housed with federal pre-trial detainees and does not feel safe. The amended complaint includes copies of two "Detainee Request To Facility Employee" Forms, a "Case Management Worksheet" Form and a separate notice wherein plaintiff complains to ICE and, on at least two occasions, to Tryon and Phillips directly that the cost of stamps are too high and that he does not wish to be housed with pre-trial detainees. The amended complaint does not allege in any way that plaintiff was physically or verbally threatened or harmed by any pre-trial detainee nor that he was somehow denied access to the courts due to the cost of stamps.

### 1. Cost of Stamps

The cost of stamps at Commissary, only slightly less than the actual cost, does not set forth a violation of plaintiff's constitutional rights and, even if this claim is construed as a denial of access to courts claim under First Amendment, there are no allegations that a claim of his was hindered or prejudiced in any way due to the cost of stamps. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (In order to state a constitutional claim, a plaintiff must make a showing that he has suffered, or will

imminently suffer, actual harm; that is, that he was "hindered [in] his efforts to pursue a legal claim."); *accord Morello v. James*, 810 F.2d 344, 347 (2d Cir. 1987). Accordingly, any claims related to the cost of stamps at BFDF are dismissed with prejudice.

2. Housing

As noted, plaintiff alleges that he is housed with federal pre-trial detainees and does not feel safe around them. He has complained specifically to the two defendants and others but his housing situation has not changed.

To the extent plaintiff is civil immigration detainee, rather than a convicted prisoner, his claims are analyzed under the Fifth Amendment's Due Process clause, rather than the Eighth Amendment's Cruel and Unusual Punishment clause. *See Adekoya v. Holder*, 751 F. Supp. 2d 688, 694–95, n. 4 (S.D.N.Y. 2010) (citing *Cuoco v. Moritsugu*, 222 F.3d 105, 106 (2d Cir. 2000) (pre-trial detainee is not being punished and is thus protected by Fifth Amendment's Due Process Clause rather than the Eighth Amendment); *Doherty v. Thornburgh*, 943 F.2d 204, 208 (2d Cir. 1991) (The Fifth Amendment's due process protection extends to deportable aliens in detention) (citing *Wong Wing v. United States*, 163 U.S. 228, 238 (1896)). The standards under both the Fifth and Eighth Amendments are the same, however. *See Cuocco*, 222 F.3d at 106.

In *Caiozzo v. Koreman*, 581 F.3d 63 (2d Cir. 2009), the Second Circuit reaffirmed its position (previously stated in *Arroyo v. Schaefer*, 548 F.2d 47, 50 (2d Cir. 1977)), that the standard for analyzing a claim of deliberate indifference to the health or safety of a convicted prison inmate held in federal custody as a violation of the right of the inmate to be free from cruel and unusual punishment under the Eighth Amendment is

5

also applicable to claims brought by pretrial state detainees under the Due Process Clause of the Fifth Amendment. *Caiozzo*, 581 F.3d at 72. To state a claim of cruel and unusual punishment in violation of the Eighth Amendment, a prisoner must "allege[ ] facts from which it could be inferred that prison officials subjected him to excessive force, and did so maliciously and sadistically." *Sims v. Artuz*, 230 F.3d 14, 22 (2d Cir. 2000); *see also Cuocco*, 222 F.3d at 106 (the standards under both the Fifth and Eighth Amendments are the same.) Because plaintiff makes no allegations that he was subjected to an excessive risk of harm and that defendants ignored such risk "maliciously and sadisticlly," *Sims*, 230 F.3d at 22, plaintiff has failed to state a claim of deliberate indifference in violation of the Fifth Amendment's Due Process Clause and the amended complaint must be dismissed with prejudice. Plaintiff has been provided what, in effect, is three opportunities to state a cognizable herein and he has failed to so on each occasion. *See Cuoco*, 222 F.3d at 112 ( generally district court should not dismiss a *pro se* complaint without granting the plaintiff at least *one* opportunity to amend) (emphasis added).

## CONCLUSION

For the reasons discussed above, the amended complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be

directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

### ORDER

IT HEREBY IS ORDERED that the amended complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

_____
JOHN T. CURTIN
United States District Judge

DATED: 10/2, 2013
Buffalo, New York